IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MILDRED HOWARD, § | |
| Plaintiff § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | Jury Trial Demanded |
| PROCOLLECT, INC., § | |
| Defendant § | |

## ORIGINAL COMPLAINT

### NATURE OF ACTION

1. This is an action for damages brought by Plaintiff, Mildred Howard ("Plaintiff"), an individual, for Defendant's violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq*., which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA, DTPA, and TCPA and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and 47 U.S.C. § 227.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Mildred Howard ("Plaintiff"), is a natural person residing in the State of Mississippi, County of Warren, and City of Vicksburg.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the TEX. BUS. & COM. CODE § 17.50(a)(1) and TEX. FIN. CODE § 392.001(1).

8. Defendant, ProCollect, Inc. ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by TEX. FIN. CODE § 392.001(6).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(2).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

14. Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

15. In connection with collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on December 14, 2011 at 5:43 P.M.

16. In response to Defendant's telephone call, Plaintiff placed a call to Defendant on December 14, 2011 at 5:44 P.M., and at such time, demanded that Defendant cease and desist from placing any and all calls to her cellular telephone.

17. Despite Plaintiff's demand that Defendant cease and desist from placing any and all calls to her cellular telephone, and in connection with collection of an alleged debt in default, Defendant placed a non-emergency telephone call to Plaintiff's cellular telephone on December 20, 2011 at 12:37 P.M. using an automatic dialing system.

18. Despite Plaintiff's demand that Defendant cease and desist from placing any and all calls to her cellular telephone, and in connection with collection of an alleged debt in default,

Defendant placed a non-emergency telephone call to Plaintiff's cellular telephone on December 20, 2011 at 4:29 P.M. using an automatic dialing system.

19. Despite Plaintiff's demand that Defendant cease and desist from placing any and all calls to her cellular telephone, and in connection with collection of an alleged debt in default, Defendant placed a non-emergency telephone call to Plaintiff's cellular telephone on January 10, 2012 at 6:35 P.M. using an automatic dialing system.

20. Despite Plaintiff's demand to that Defendant cease and desist from placing any and all calls to her cellular telephone, and in connection with collection of an alleged debt in default, Defendant placed a non-emergency telephone call to Plaintiff's cellular telephone on January 12, 2012 at 3:41 P.M. using an automatic dialing system, and at such time, left the following voicemail message:

> "Yes, this message is for Mildred Howard. Ms. Howard, this is Mr. Cauld and I'm calling from ProCollect Incorporated. I need for you to return my call today. My number is 1-800-732-3799 extension 147. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

21. In its voicemail message of January 12, 2012, Defendant conveyed a false sense of urgency in a telephone call to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

22. Despite Plaintiff's demand that Defendant cease and desist from placing any and all calls to her cellular telephone, and in connection with collection of an alleged debt in default, Defendant placed a non-emergency telephone call to Plaintiff's cellular telephone on January 17, 2012 at 7:15 P.M. using an automatic dialing system.

23. On January 20, 2012, Plaintiff sent Defendant email correspondence, and in such communication, again demanded that Defendant cease and desist from placing any and all calls to her cellular telephone. [*See* documentation attached, hereto as Exhibit A].

24. Defendant received Plaintiff's emailed cease and desist demand on January 20, 2012 at 4:35 P.M.

25. Despite Plaintiff's second demand that Defendant cease and desist from placing any and all calls to her cellular telephone, and in connection with collection of an alleged debt in default, Defendant placed a non-emergency telephone call to Plaintiff's cellular telephone on January 23, 2012 at 5:18 P.M. using an automatic dialing system.

26. Despite Plaintiff's second demand to that Defendant cease and desist from placing any and all calls to her cellular telephone, and in connection with collection of an alleged debt in default, Defendant placed a non-emergency telephone call to Plaintiff's cellular telephone on January 27, 2012 at 3:39 P.M. using an automatic dialing system.

27. Despite Plaintiff's second demand to that Defendant cease and desist from placing any and all calls to her cellular telephone, and in connection with collection of an alleged debt in default, Defendant placed a non-emergency telephone call to Plaintiff's cellular telephone on February 9, 2012 at 2:41 P.M. using an automatic dialing system.

28. Despite Plaintiff's second demand that Defendant cease and desist from placing any and all calls to her cellular telephone, and in connection with collection of an alleged debt in default, Defendant placed a non-emergency telephone call to Plaintiff's cellular telephone on February 16, 2012 at 1:56 P.M. using an automatic dialing system.

29. Despite Plaintiff's second demand that Defendant cease and desist from placing any and all calls to her cellular telephone, and in connection with collection of an alleged debt in default, Defendant placed a non-emergency telephone call to Plaintiff's cellular telephone on March 6, 2012 at 1:21 P.M. using an automatic dialing system.

30. Defendant willingly and knowingly placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, two calls placed on December 20, 2011, and calls placed on January 10, 2012, January 12, 2012, January 17, 2012, January 23, 2012, January 27, 2012, February 9, 2012, February 16, 2012, and March 6, 2012.

31. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I
## VIOLATION OF 15 U.S.C. §§ 1692c(a)(1)

32. Plaintiff repeats and re-alleges each and every allegation contained above.

33. Defendant violated 15 U.S.C. §§ 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, which included but was not limited to: the ten (10) telephone calls placed after Plaintiff verbally demanded on December 14, 2011, for calls to her cellular telephone to cease.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. §§ 1692c(a)(1);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(c)

34. Plaintiff repeats and re-alleges each and every allegation contained above.

35. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff on January 20, 2012, with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt.

 WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

  d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d(5)

36. Plaintiff repeats and re-alleges each and every allegation contained above.

37. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

 WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)

38. Plaintiff repeats and re-alleges each and every allegation contained above.

39. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, which included but was not limited to: conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

40. Plaintiff repeats and re-alleges each and every allegation above.

41. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) on at least ten (10) occasions by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number for a non-emergency purpose and without Plaintiff's prior express consent.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT VI
## VIOLATION OF TEX FIN CODE § 392.302(4)

42. Plaintiff repeats and re-alleges each and every allegation above.

43. Defendant violated Tex. Fin. Code § 392.302(4) by causing Plaintiff's telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated TEX FIN CODE § 392.302(4);

b) Awarding Plaintiff statutory damages pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VII
### VIOLATION OF TEX FIN CODE § 392.304(A)(19)

44. Plaintiff repeats and re-alleges each and every allegation above.

45. Defendant violated Tex. Fin. Code § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer, which included but was not limited to: conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated TEX FIN CODE § 392.304(a)(19);

b) Awarding Plaintiff statutory damages pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF TEX. BUS. & COM. CODE § 17.50(h).

46. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

47. A violation of the TDCA is a deceptive trade practice under the DTPA, and is actionable under the DTPA. TEX. FIN. CODE. § 392.404(a)

48. Defendant violated TEX. BUS. & COM. CODE § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the DTPA, TEX. BUS. & COM. CODE, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

49. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Dkruz@attorneysforconsumers.com

        WEISBERG & MEYERS, LLC
        Two Allen Center
        1200 Smith Street
        Sixteenth Floor
        Houston, TX 77002
        Telephone:   (888) 595-9111
        Facsimile:    (866) 565-1327

        Kirk Claunch
        Texas Bar No. 04326075
        Jim Claunch
        Texas Bar No. 04326000
        2912 West Sixth Street
        Fort Worth, Texas 76107
        Telephone:   (817) 335-4003
        Facsimile:    (817) 335-7112

        *Attorneys for Plaintiff*
        MILDRED HOWARD